UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEECO MANUFACTURING CO., INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>IMPERIAL MANUFACTURING GROUP, et al.,<br><br>    Defendants. | CASE NO. C03-3061JLR<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the court on the motion of Defendants Imperial Manufacturing Group, Imperial Sheet Metal, Ltd., and Normand Caissie (collectively "Imperial") to strike the jury demand of Plaintiff MEECO Manufacturing Company ("MEECO"). (Dkt. # 222). Having read and considered all papers filed in support of and in opposition to these motions, the court GRANTS Imperial's motion.

## II. BACKGROUND

MEECO filed its complaint and first amended complaint without filing a jury demand. On June 2, 2004, Imperial filed its answer and two counterclaims. On July 2, 2004, MEECO filed its reply to Imperial's counterclaims. On July 8, 2004, MEECO

ORDER – 1

1  filed the only jury demand in this action, stating that "Plaintiff MEECO Manufacturing
2  Company, Inc. hereby demands a trial by jury."  (Dkt. # 91).
3        MEECO intended to wait until its reply to Imperial's counterclaims to file its jury
4  demand.  In the parties' joint status report, which they filed more than three months
5  before Imperial's answer and counterclaims, MEECO indicated that it would demand a
6  jury trial in its reply to Imperial's answer.  (Dkt. # 66).  In the minutes of the joint status
7  conference, the court scheduled a jury trial, but also indicated that the parties should only
8  submit proposed voir dire and jury instructions "if a jury demand is made."  (Dkt. # 85).
9        Imperial moves to strike MEECO's jury demand on the grounds that it is untimely
10 as to all issues to be decided at trial.

### III.    DISCUSSION

Under Fed. R. Civ. P. 38(b), a party must file a jury demand on "any issue triable of right by a jury . . . in writing . . . not later than 10 days after the service of the last pleading directed to such issue . . . ."  As Rule 38(b) suggests, a jury demand covers factual issues, not claims.  Trixler Brokerage Co. v. Ralston Purina Co., 505 F.2d 1045, 1050 (9th Cir. 1974).  Thus, in examining a jury demand, the court must first determine if the party filed it within 10 days of a pleading, and then determine what "issues" the pleading addresses.  For example, a jury demand filed within 10 days of an answer is sufficient to preserve a jury trial for any issue of fact disputed in the answer.  Bentler v. Bank of America Nat'l Trust & Sav. Ass'n, 959 F.2d 138, 141 (9th Cir. 1992); see also Trixler Brokerage, 505 F.2d at 1050 ("An *issue* of fact does not exist unless there is an allegation and a responsive denial.") (emphasis in original).  Similarly, a jury demand filed within 10 days of a reply to a counterclaim is "timely as to [any issues common to] both the counterclaim *and the original claim*."  Bentler, 959 F.2d at 141 (emphasis in original).  Although an untimely jury demand waives a party's right to trial by jury, a

ORDER – 2

court should "indulge every reasonable presumption against waiver of the jury trial right." Lutz v. Glendale Union High Sch., 403 F.3d 1061, 1064 (9th Cir. 2005) (internal quotation omitted).

**A.      MEECO Waived a Jury Trial on All Remaining Triable Issues.**

Applying these rules to the pleadings in this action, MEECO preserved its right to a jury trial only as to issues it raised in its reply to Imperial's counterclaims. There is no dispute that MEECO did not file a jury demand within 10 days of any pleading except its reply to Imperial's counterclaims.

Imperial's two counterclaims raised a narrow set of issues. Its counterclaim for bad faith assertion of a trade secret injected the new issue of bad faith into the case. Its counterclaim for tortious interference with its contractual relationships raised the issues regarding whether MEECO acted improperly in contacting Imperial's customers regarding its allegations against Imperial.

MEECO's reply to the counterclaims raised few issues. MEECO admitted (presumably unintentionally) that it raised its trade secret claims in bad faith, but otherwise did not dispute issues related to its trade secret claims. Compare Dkt. # 89 at 12, ¶ 5 (alleging bad faith assertion of trade secrets), with Dkt. # 90 at 2, ¶ 5 (admitting allegation). MEECO generally denied all allegations of Imperial's tortious interference counterclaims.

As to the trade secret claims in this action, MEECO's reply was not directed to an "issue triable of right by a jury" within the meaning of Rule 38(b). A finding of bad faith under Washington's version of the Uniform Trade Secret Act is for the court to make, not a jury. RCW § 19.108.040 ("If a claim of misappropriation is made in bad faith . . ., the court may award reasonable attorney's fees to the prevailing party."); see Boeing Co. v. Sierracin Corp., 738 P.2d 665, 682 (Wash. 1987); see also Dkt. # 249 (MEECO and

ORDER – 3

Imperial agree in pretrial order that the bad faith issue is for the court). Thus, the last pleading directed to the jury issues relevant to MEECO's trade secret claim was Imperial's answer, and MEECO failed to timely file a jury demand as to those issues.

As to the tortious interference counterclaim, MEECO's reply preserved its trial right, but not to any issues currently pending before the court. Although MEECO's reply addresses the issue of its communications with Imperial customers in the aftermath of its terminated relationship with Imperial, those issues are no longer before the court, as the court dismissed the tortious interference counterclaim on summary judgment. It does not appear that those issues are relevant to any other claim before the court. Where a plaintiff replies to a counterclaim that raises more general allegations, a jury demand within 10 days of the reply is timely as to those issues. See Monolith Portland Midwest Co. v. Reconstruction Fin. Corp., 240 F.2d 444, 448 (9th Cir. 1957) (holding that jury demand in reply to counterclaim applies to all issues where counterclaim specifically incorporated each and every allegation in plaintiff's complaint). In the instant case, however, neither Imperial's counterclaim nor MEECO's reply to it incorporated all of the allegations in MEECO's complaint. Indeed, neither the counterclaim nor the reply implicated the vast majority of the factual issues in this action.[1]

Because MEECO's only timely jury demand addressed issues no longer before the court, the court holds that MEECO waived its right to a jury trial.

---

[1] Although the parties do not raise the issue, MEECO denied Imperial's affirmative defenses in its reply. The only factual issues the affirmative defenses raise are MEECO's failure to mitigate damages and MEECO's fault for some or all of the damages it incurred. As Fed. R. Civ. P. 7 does not permit a reply to affirmative defenses, the court finds that MEECO's reply was insufficient to preserve its right to demand a jury for issues relevant to the affirmative defenses.

ORDER – 4

**B.      The Court Has No Discretion to Undo MEECO's Jury Waiver.**

Although MEECO's jury demand was untimely, Fed. R. Civ. P. 39(b) appears to supply MEECO a lifeline. The rule permits the court, "notwithstanding the failure of a party to demand a jury . . . [to] in its discretion upon motion . . . order a trial by a jury of any or all issues." Fed. R. Civ. P. 39(b). MEECO has requested relief under Rule 39(b).

The Ninth Circuit has severely constrained the court's discretion under Rule 39(b). The court's "discretion is narrow . . . and does not permit [it] to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Pacific Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd., 239 F.3d 1000, 1002 (quoting Lewis v. Time Inc., 710 F.2d 549, 556-57 (9th Cir. 1983)); see also Mardesich v. Marciel, 538 F.2d 848, 849 (where only ground for relief is oversight or inadvertence, the "[c]ourt ha[s] virtually no discretion to exercise" under Rule 39(b)). The Ninth Circuit's decisions demonstrate the broad scope of its tight rein on Rule 39(b) discretion. E.g., Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (noting that Rule 39(b) would not permit district court to order a jury trial where pro se plaintiff was unaware of need to file a jury demand); Craig v. Atlantic Richfield Co., 19 F.3d 472, 477 (9th Cir. 1994) (affirming district court's refusal to cure jury demand failure due to "oversight, inadvertence, and inexcusable neglect"); Pacific Fisheries Corp., 239 F.3d at 1002-03 (finding counsel's legal mistake as to need for jury demand was no basis for relief); Russ v. Standard Ins. Co., 120 F.3d 988, 990 (9th Cir. 1997) (reversing district court that granted plaintiff leave to dismiss case and refile it to avoid limitations of Rule 39(b)). The court's review of district court cases within the Ninth Circuit in the last 25 years shows only three cases in which a court granted relief under Rule 39(b), and only one in circumstances comparable to the case at bar. Compare Johnson v. Dalton, 57 F. Supp. 2d 958, 960-61 (C.D. Cal. 1999) (granting relief for inadvertent mistake despite

ORDER – 5

Ninth Circuit limitations on discretion), with Ruiz v. Rodriguez, 206 F.R.D. 501, 504-05 (E.D. Cal. 2002) (granting relief where party filed but inadvertently failed to serve timely jury demand), and Jones v. Pan Amer. World Airways, Inc., No. C88-2033-DLJ, 1990 U.S. Dist. LEXIS 13728, at *21-22 (N.D. Cal. June 26, 1990) (granting relief where plaintiff's counsel at time jury demand was required was not protecting plaintiff's interests).

Under the circumstances, the court cannot order a jury trial under Rule 39(b). The joint status report reveals that MEECO's decision to delay its jury demand until after its reply to Imperial's counterclaims was intentional. It thus appears that MEECO was mistaken as to the law governing its jury demand. A mistake of law provides no basis to exercise the court's discretion under Rule 39(b). Pacific Fisheries, 239 F.3d at 1003 ("A good faith mistake of law is no different than inadvertence or oversight.").

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Imperial's motion to strike MEECO's jury demand. The bench trial in this action shall commence at 1:30 p.m. on June 20, 2005.

DATED this 20th day of June, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 6